United States District Court
Southern District of Texas
**ENTERED**
July 27, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BRENDA MARTINEZ, §<br>Plaintiff, § | CIVIL ACTION NO.<br>4:18-CV-01069 |
| vs. § | JUDGE CHARLES ESKRIDGE |
| TOPBUILD CORP *et al*, §<br>Defendants. § | |

**MEMORANDUM AND OPINION
GRANTING MOTION TO REMAND**

The motion to remand filed by Plaintiff Brenda Martinez is granted. Dkt 41.

Martinez originally filed this wrongful death action in state court against Defendants Top Builder Corp and Builder Services Group Inc. Dkt 1-1. Martinez is a resident of Harris County, Texas. Top Builder and Builder Services are Florida corporations with principal places of business in Florida. They removed the action based on diversity in April 2018. Dkt 1.

The procedural history of this case after removal is somewhat unusual. Martinez filed a first amended petition in July 2018. Dkt 4. She then filed a motion for leave to file a second amended complaint in October 2018. Dkt 12. She there sought to add Talasek Builders as a defendant. Neither Top Builder nor Builder Services filed a response or otherwise opposed the motion. Martinez then filed her second amended complaint in May 2019 before receiving a ruling on her motion. Dkt 16. She there identified Talasek as a company incorporated and doing business in Texas. Id at 2. Top Builder and Builder Services again did not oppose or move to strike the amended complaint. They instead filed answers. Dkts 20, 23. Martinez then filed a third

amended complaint in October 2019 without first seeking leave to amend. Dkt 27.

This case was then reassigned to this Court. Dkt 29. At a status conference in December 2019, the parties advised that Martinez filed the third amended complaint with the consent of all Defendants, including Talasek. The Court accepted the filing of the second and third amended complaints based on the lack of opposition and consent of the parties.

Martinez now seeks remand because the addition of Talasek destroyed complete diversity. Dkt 41. The plain language of 28 USC § 1447(e) requires remand. It provides, "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Having already permitted the joinder of a nondiverse defendant, the Court no longer has subject-matter jurisdiction. The only option is remand. *Cobb v Delta Exports, Inc*, 186 F3d 675, 677 (5th Cir 1999).

Talasek has also filed a motion to dismiss Dkt 48. Top Builder, Builder Services, and Talasek jointly urge the Court to apply an improper-joinder analysis to determine whether Martinez has asserted a valid claim against Talasek. See generally, Dkt 49. But the Fifth Circuit holds, "The fraudulent joinder doctrine does not apply to joinders that occur *after* an action is removed." Id at 678 (emphasis in original). The *Cobb* court reasoned that, when a nondiverse defendant is named in an original state court action to prevent removal, the diverse defendant has no opportunity to contest joinder before it occurs and must rely upon the fraudulent-joinder doctrine. A diverse defendant by contrast can argue that a *post*-removal joinder is improper *before* the court grants the plaintiff leave to amend. Ibid; see also *Cormier v Wal-Mart Stores, Inc*, 2012 WL 394300, *2 (WD La) (remanding and declining to conduct fraudulent-joinder analysis where defendants didn't oppose amendment adding nondiverse party).

Top Builder and Builder Services had an opportunity to contest joinder before it occurred. They didn't. They failed to oppose the attempt by Martinez to file her second amended

2

complaint. And they flatly consented to the filing of the third amended complaint—as did Talasek. It was not until Martinez moved to remand for lack of complete diversity that they have all now raised untimely objection to the amendments.

Talasek has already been joined to this action. Its presence destroys subject-matter jurisdiction. Remand is required pursuant to 28 USC § 1447(e).

The motion to remand is GRANTED.

This case is REMANDED to the 157th Judicial District Court of Harris County, Texas.

The Clerk is ORDERED to provide a copy of this Order to the District Clerk of the Harris County District Court.

SO ORDERED.

Signed on July 27, 2020, at Houston, Texas.

*Charles R Eskridge III*
Hon. Charles Eskridge
United States District Judge